IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARRIER CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| GOODMAN GLOBAL, INC., GOODMAN | ) **JURY TRIAL DEMANDED** |
| MANUFACTURING COMPANY, LP., | ) |
| GOODMAN GLOBAL HOLDINGS, INC., | ) |
| GOODMAN DISTRIBUTION, INC., and | ) |
| GOODMAN SALES COMPANY | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Carrier Corporation ("Carrier"), for its complaint against Defendants Goodman Global, Inc., Goodman Manufacturing Company, L.P., Goodman Global Holdings, Inc., Goodman Distribution, Inc., and Goodman Sales Company (collectively, "Goodman" or "Defendants"), hereby demands a jury trial and alleges as follows:

## THE PARTIES

1. Carrier is a corporation organized under the laws of Delaware with a principal place of business at One Carrier Place, Farmington, CT 06032.

2. On information and belief, Defendant Goodman Global, Inc. is a corporation organized under the laws of Delaware with a principal place of business at 5151 San Felipe Street, Suite 500, Houston, TX 77056.

3. On information and belief, Defendant Goodman Manufacturing Company, L.P. is a partnership organized under the laws of Texas with a principal place of business at 5151 San Felipe Street, Suite 500, Houston, TX 77056.

4. On information and belief, Defendant Goodman Global Holdings, Inc. is a corporation organized under the laws of Delaware with a principal place of business at 5151 San Felipe Street, Suite 500, Houston, TX 77056.

5. On information and belief, Defendant Goodman Distribution, Inc. is a corporation organized under the laws of Texas with a principal place of business at 5151 San Felipe Street, Suite 500, Houston, TX 77056. Defendant Goodman Distribution, Inc. is qualified with the Delaware Secretary of State to do business in Delaware, and its registered agent in Delaware is The Corporation Trust Company, located at 1209 Orange Street, Wilmington, DE 19801.

6. On information and belief, Defendant Goodman Sales Company is a corporation organized under the laws of Texas with a principal place of business at 5151 San Felipe Street, Suite 500, Houston, TX 77056.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq.

8. The Court has personal jurisdiction over Defendants Goodman Global, Inc. and Goodman Global Holdings, Inc. at least because Defendants Goodman Global, Inc. and Goodman Global Holdings, Inc. are Delaware corporations. Personal jurisdiction (1) exists generally over all Defendants because they (directly and/or through their subsidiaries, divisions, groups or distributors) have sufficient minimum contacts with the District of Delaware as a result of business conducted within the State of Delaware; and/or (2) exists specifically over all Defendants because, on information and belief, Defendants have committed acts of infringement

in the District of Delaware, including at least because they each (directly and/or through their subsidiaries, divisions, groups, or distributors) advertise, market, offer for sale, or sell the infringing products at issue in this case in the District of Delaware.

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b), at least because Defendants Goodman Global, Inc. and Goodman Global Holdings, Inc. are Delaware corporations and all Defendants are subject to personal jurisdiction in the District of Delaware and have committed acts of infringement in Delaware.

### COUNT ONE — INFRINGEMENT OF THE '004 PATENT

10. On July 10, 2007, the United States Patent & Trademark Office issued United States Patent No. 7,243,004 ("the '004 Patent"), entitled "Self-Configuring Controls for Heating, Ventilating and Air Conditioning Systems." A copy of the '004 Patent is attached hereto as Exhibit A.

11. Carrier has owned the '004 Patent throughout the period of Defendants' infringing acts and still owns the '004 Patent.

12. Defendants have been and are infringing the '004 Patent by making, using, offering to sell, and/or selling in the United States their ComfortNet family of products, including at least thermostats, air conditioners, heat pumps, furnaces, and air handlers under the trade names "Goodman" and/or "Amana" that incorporate the "ComfortNet Communicating System."

13. Carrier has complied with 35 U.S.C. § 287 by placing a notice of the '004 Patent on Carrier products made, offered for sale, and/or sold under the '004 Patent.

14. Carrier has been damaged by Defendants' infringement of the '004 Patent and is suffering and will continue to suffer damage and irreparable harm unless the Court enjoins Defendants from their activities.

## COUNT TWO — INFRINGEMENT OF THE '452 PATENT

15. On August 17, 2010, the United States Patent & Trademark Office issued United States Patent No. 7,775,452 ("the '452 Patent"), entitled "Serial Communicating HVAC System." A copy of the '452 Patent is attached hereto as Exhibit B.

16. Carrier has owned the '452 Patent throughout the period of Defendants' infringing acts and still owns the '452 Patent.

17. Defendants have been and are infringing the '452 Patent by making, using, offering to sell, and/or selling in the United States their ComfortNet family of products, including at least thermostats, air conditioners, heat pumps, furnaces, and air handlers under the trade names "Goodman" and/or "Amana" that incorporate the "ComfortNet Communicating System."

18. Carrier has complied with 35 U.S.C. § 287 by placing a notice of the '452 Patent on Carrier products made, offered for sale, and/or sold under the '452 Patent.

19. Carrier has been damaged by Defendants' infringement of the '452 Patent and is suffering and will continue to suffer damage and irreparable harm unless the Court enjoins Defendants from their activities.

## PRAYER FOR RELIEF

WHEREFORE, Carrier prays for relief and judgment against Defendants as follows:

A. That Defendants have infringed one or more claims of the '004 and '452 patents;

B. An injunction against Defendants, their officers, agents, servants, employees, all parent and subsidiary entities, all assignees and successors in interest, and those persons or entities acting in concert or participation with Defendants, including distributors and customers, enjoining them from further infringement of the '004 and '452 patents;

C. An award of damages under 35 U.S.C. § 284, including an accounting and pre- and post-judgment interest, and an award of costs;

D. That this case is exceptional under 35 U.S.C. § 285, and an award of Carrier's reasonable attorneys' fees and expenses.

E. Such other relief that this Court deems just and proper;

## DEMAND FOR JURY TRIAL

Carrier hereby demands a trial by jury for all claims and issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack Blumenfeld

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Gregg F. LoCascio, P.C.
Sean M. McEldowney
Katharine M. Burke
Joseph Edell
KIRKLAND & ELLIS LLP
655 15th St. N.W., Suite 1200
Washington, D.C. 20005
(202) 879-5000

July 19, 2012