IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARRIER CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 12-930-SLR |
| ) | |
| GOODMAN GLOBAL, iNC., ) | |
| GOODMAN MANUFACTURING ) | |
| COMPANY, L.P., GOODMAN GLOBAL ) | |
| HOLDINGS, INC., GOODMAN ) | |
| DISTRIBUTION, INC., and GOODMAN ) | |
| SALES COMPANY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

At Wilmington this 8th day of May, 2014, having reviewed defendants' motion to stay pending reexamination of U.S. Patent No. 7,243,004 ("the '004 patent"), and the papers filed in connection therewith,[1] the court issues its decision based on the following reasoning:

1. **Background.** Plaintiff Carrier Corporation ("Carrier") commenced this litigation against defendants Goodman Global, Inc., Goodman Manufacturing Company, L.P., Goodman Global Holdings, Inc., Goodman Distribution, Inc., and Goodman Sales Company (collectively, "Goodman"), asserting infringement of the '004 patent,[2] entitled

---

[1] The court has jurisdiction to do so pursuant to 28 U.S.C. §§ 1331 and 1338(a).

[2] U.S. Patent No. 7,775,452 ("the '452 patent") was also asserted initially, but it is expected that the allegations of infringement relating to the '452 patent will be dismissed. (D.I. 240)

"Self-Configuring Controls for Heating, Ventilating and Air Conditioning Systems." (D.I. 1, ex. A) Trial is scheduled to commence on September 8, 2014. (D.I. 27)

2. Goodman filed a request for reexamination of the '004 patent in September 2012. According to the motion papers, the United States Patent & Trademark Office ("the PTO") has rejected all claims of the '004 patent and an Action Closing Prosecution is expected. (D.I. 120 at 2)

3. **Standard of Review.** "A decision to stay litigation lies within the sound discretion of the court and represents an exercise of the court's 'inherent power to conserve judicial resources by controlling its own docket.'" *Neste Oil OYJ v. Dynamic Fuels, LLC,* Civ. No. 12-1744-GMS, 2013 WL 3353984, at *1 (D. Del. July 2, 2013). The Federal Circuit has recognized as well the inherent power of the trial court "to manage [its] docket[ ] and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted).

4. **Analysis.** Goodman argues that a stay pending reexamination is mandated by virtue of the Federal Circuit's decision in *Fresenius USA, Inc. v. Baxter Int'l, Inc.,* 721 F.3d 1330 (Fed. Cir. 2013), in which the Court held that cancellation of claims by the PTO, **once affirmed by the Federal Circuit**, is binding in pending district court litigation. Goodman reasons that judicial resources will be conserved by a stay of litigation, based on two assumptions: (a) the administrative process will likely conclude prior to judgment being entered in this litigation; and (b) the claims will likely be cancelled and deemed unpatentable.


5. Neither of the above assumptions are persuasive reasons for staying this litigation. In the first instance, the Federal Circuit in *Fresenius* confirmed that Congress, in enacting the reexamination statute, 35 U.S.C. § 302, expected reexaminations to take place concurrent with litigation. 721 F.3d at 1340. In this context, reexamination does not proceed at all absent the finding of a substantial new question of patentability by an examiner; thus, the second assumption applies to every reexamination proceeding once instituted. With respect to the first assumption, cancelled claims are deemed to be unpatentable only if the time for appeal has expired or any appeal proceeding has terminated. *Id.* at 1339; 35 U.S.C. § 307(a). Consequently, absent an indication by the patentee that no appeals will be taken from the examiner's rejection of the claims of the '004 patent, the first assumption remains too speculative to be of value to the analysis.

6. The court recognizes that, if the patentee chooses not to pursue the administrative process further, the cancelled claims will be deemed unpatentable and, consequently, litigation related to such claims should no longer proceed. However, so long as the reexamination process continues, the court declines to stay the instant litigation.

7. In this regard, the court observes that the administrative and judicial processes (which intersect only at the appellate level, that is, at the Federal Circuit) serve distinct functions with distinct procedures. The function of the PTO is to review patent applications and issue those that meet the requirement of 35 U.S.C. § 101-103.[3]

---

[3] "The reexamination statute . . . authorized the PTO to reconsider patents of 'doubtful' validity, and to cancel 'defectively examined and therefore erroneously

The PTO's review on reexamination is limited in substantive scope (review is limited to prior art patents and printed publications), but unlimited in temporal scope (taking many years to final resolution). The purpose of litigation is to resolve discrete disputes between parties, and its attributes are virtually the opposite of its administrative counterpart, i.e., it is relatively unlimited in substantive scope (wide-ranging discovery related to a multiplicity of issues) and limited in temporal scope (trial is scheduled at the outset of the case).

8. **Conclusion.** Without an end to the administrative process in sight, and with different (but equally significant purposes) being served by litigation, the court declines to stay the litigation unless Carrier fails to pursue its administrative remedies once the Action Closing Prosecution issues. The parties shall promptly notify the court if these circumstances arise. An appropriate order shall issue.

_____
United States District Judge

---

granted patent[s].'" *Fresinius*, 721 F.3d at 1338 (citations omitted).