IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARRIER CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GOODMAN GLOBAL, INC.,<br>GOODMAN MANUFACTURING<br>COMPANY, L.P., GOODMAN GLOBAL<br>HOLDINGS, INC., GOODMAN<br>DISTRIBUTION, INC., AND<br>GOODMAN SALES COMPANY,<br><br>Defendants, | Civ. No. 12-930-SLR |

**MEMORANDUM**

At Wilmington this 19th day of June, 2014, having reviewed defendants' motion for leave to file second amended answers (D.I. 186), motion for leave to file supplemental briefing (D.I. 221), and the papers filed in connection therewith; the court issues its decision based on the reasoning that follows:

1. **Background.** Plaintiff Carrier Corporation ("Carrier") commenced this litigation against defendants Goodman Global, Inc., Goodman Manufacturing Company, L.P., Goodman Global Holdings, Inc., Goodman Distribution, Inc., and Goodman Sales Company (collectively, "Goodman"), asserting infringement of U.S. Patent No. 7,243,004 ("the '004 patent"), titled "Self-Configuring Controls for Heating, Ventilating and Air Conditioning Systems."[1] (D.I. 1, ex. A)

---

[1] Carrier originally asserted infringement of U.S. Patent No. 7,775,452 ("the '452 patent") as well, but the parties' claims and counterclaims regarding the '452 patent

2. The deadline for motions to amend the pleadings was January 31, 2013 (D.I. 27), and Carrier filed an unopposed motion for leave to file a first amended complaint on that date. (D.I. 50; D.I. 51) Goodman answered the amended complaint and counterclaimed on February 22, 2013. (D.I. 55; D.I. 56) Fact discovery closed on October 10, 2013, with the exception of certain depositions the parties agreed to hold after that date. (D.I. 187 at 6; D.I. 198 at 4) Presently before the court is Goodman's motion for leave to file second amended answers pursuant to Rules 15 and 16(b) of the Federal Rules of Civil Procedure, filed December 9, 2013, which include affirmative defenses and a counterclaim that the '004 patent is unenforceable due to inequitable conduct.[2] (D.I. 186; D.I. 187) Goodman also seeks leave to conduct limited additional discovery relating to its inequitable conduct counterclaim (D.I. 187 at 2) and leave to file supplemental briefing. (D.I. 221) The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Specifically, Goodman alleges that the Aquasmart HVAC system ("Aquasmart") is prior art to the '004 patent, and that Rajendra Shah ("Shah") and Jerry Ryan ("Ryan"), inventors of the '004 patent (collectively, "inventors"), misrepresented and omitted information regarding Aquasmart to the USPTO during the prosecution of the '004 patent. (D.I. 186, ex. 3 at 14; D.I. 187 at 6) Goodman further alleges that it

---

have been dismissed by stipulation. (D.I. 273)

[2]As the '452 patent is no longer at issue, the court does not consider the parties' arguments relating to the '452 patent. Specifically, the court does not address Goodman's inequitable conduct grounds relating to the Comfort Zone II HVAC system as prior art to the '452 patent (D.I. 186, ex. 4 at ¶ 40) or the Varitech system as prior art to the '452 patent. (Id. at ¶¶ 31-37)

acted diligently to confirm the underlying facts and to prepare its pleading of inequitable conduct. (D.I. 187 at 1)

4. **Standard of Review.** The Federal Rules of Civil Procedure require courts to freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The court may exercise its discretion to deny leave to amend in situations in which the moving party has delayed seeking leave and the delay "is undue, motivated by bad faith, or prejudicial to the opposing party." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citation omitted). After a pleading deadline has passed, courts have required the movant to also satisfy the more rigorous "good cause" standard of Federal Rule of Civil Procedure 16(b)(4).[3] *See, e.g., ICU Med. Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 577-78 (D. Del. 2009); *Cordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366, 371 (D. Del. 2009).

5. **Discussion.** "To prevail on a claim of inequitable conduct, the accused infringer must prove that the patentee acted with the specific intent to deceive the PTO." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011). "In a case involving nondisclosure of information, the accused infringer must prove by clear and convincing evidence that the applicant knew of the information, 'knew that it was material, and made a deliberate decision to withhold it.'" *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, Civ. No. 11-54-SLR, 2013 WL 571801 at *2 (D. Del. Feb. 13, 2013) (citing *Therasense*, 649 F.3d at 1290). A claim of patent unenforceability premised upon inequitable conduct triggers the heightened pleading standards of Fed. R. Civ. P. 9(b),

---

[3]Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."

3

and "the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen Corp. v. Wal–Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009).

6. Goodman filed the motion for leave to file second amended answers ten months after the deadline to amend the pleadings and two months after the close of fact discovery. "[C]ertain prejudice to plaintiff is inherent on [such a] timeline." *Asahi Glass Co., Ltd. v. Guardian Indus. Corp.*, 276 F.R.D. 417, 420 (D. Del. 2011) (denying leave to amend defendant's affirmative defenses and counterclaims six months after the deadline to amend the pleadings and after fact discovery). As such, Goodman must show good cause under Rule 16(b) for its delay.

7. Goodman's inequitable conduct allegation regarding Aquasmart rests on a document produced nearly seven months prior to the filing of the motion for leave to file second amended answers, as well as upon publicly available documents Goodman discovered independently. (D.I. 189, ex. C; D.I. 198 at 9) Goodman did not ask the inventors about Aquasmart during their depositions. (D.I. 189, ex. A; *Id.*, ex. B; 198 at 10) The timing of Goodman's motion, coupled with previously produced discovery and publicly available documents relating to Aquasmart, negate the argument for good cause. *See Pfizer Inc. v. Sandoz Inc.*, Civ. No. 12-654-GMS/MPT, 2013 WL 5934635 at *3-4 (D. Del. Nov. 4, 2013) (holding no good cause where defendant's motion for leave to amend was filed four months after the relevant deposition and defendant did not notify plaintiff until after the close of fact discovery); *see also Asahi Glass*, 276 F.R.D. at 420; *but see Roquette Freres v. SPI Pharma, Inc.*, Civ. No. 06-540-GMS, 2009 WL 1444835 at *5 (D. Del. May 21, 2009) (holding good cause where the motion to amend was filed

approximately one month after the relevant depositions and nonmovant was aware of the motion before the close of discovery).

8. Allowing Goodman's motion at this late stage of the case and reopening discovery for a new theory of liability would place an unwarranted burden on the court and prejudice Carrier. See Asahi Glass, 276 F.R.D. at 420. Since Goodman has failed to satisfy its burden of demonstrating that, despite diligence, the amendment could not have been reasonably sought in a timely manner, the motion is denied.

9. **Conclusion.** For the foregoing reasons, Goodman's motion for leave to file second amended answers is denied.[4] An appropriate order shall issue.

_____
United States District Judge

---

[4]Goodman's motion for leave to file supplemental briefing is denied as moot as the supplemental briefing relates only to the '452 patent.