## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CARRIER CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GOODMAN GLOBAL, INC., GOODMAN | ) | |
| MANUFACTURING COMPANY, L.P., | ) | |
| GOODMAN GLOBAL HOLDINGS, INC., | ) | |
| GOODMAN DISTRIBUTION, INC., and | ) | C.A.  NO.  12-930 (SLR) |
| GOODMAN SALES COMPANY | ) | |
| | ) | REDACTED - |
| Defendants. | ) | PUBLIC VERSION |
| | ) | |
| GOODMAN MANUFACTURING | ) | |
| COMPANY, L.P., and GOODMAN | ) | |
| DISTRIBUTION, INC., | ) | |
| | ) | |
| Counterclaim Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CARRIER CORPORATION, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

## JOINT PRETRIAL ORDER [PROPOSED]

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B.  Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O.  Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff Carrier Corp.*

August 11, 2014 - Original Filing Date
August 18, 2014 - Redacted Filing Date

RICHARDS, LAYTON & FINGER, P.A.
Frederick L.  Cottrell, III (#2555)
Jason J.  Rawnsley (#5379)
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com

*Attorneys for Defendants Goodman Global,*
*Inc., Goodman Manufacturing Company, L.P.,*
*Goodman Global Holdings, Inc., Goodman*
*Distribution, Inc., & Goodman Sales Company*

## TABLE OF CONTENTS

**Page**

I.     NATURE OF THE ACTION AND PLEADINGS ............................................................1

II.    BASES FOR FEDERAL JURISDICTION .......................................................................3

III.   STATEMENT OF ADMITTED FACTS ...........................................................................3

IV.    STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED....................3

V.     STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED.....................4

VI.    EXHIBITS .........................................................................................................................4

VII.   WITNESSES.......................................................................................................................7

VIII.  PLAINTIFF'S INTENDED PROOFS .............................................................................12

IX.    DEFENDANT'S INTENDED PROOFS..........................................................................12

X.     STATEMENTS BY COUNTERCLAIMANTS ..............................................................12

XI.    AMENDMENTS TO THE PLEADINGS ........................................................................13

XII.   GOOD FAITH EFFORT TO RESOLVE BY SETTLEMENT.......................................14

XIII.  OTHER MATTERS ..........................................................................................................15

XIV.   ORDER TO CONTROL COURSE OF ACTION ...........................................................15

On August 18, 2014 at 4:30 p.m., counsel for Carrier Corporation ("Plaintiff" or "Carrier") and Goodman Global, Inc., Goodman Manufacturing Company, L.P., Goodman Global Holdings, Inc., Goodman Distribution, Inc., and Goodman Sales Company (collectively "Defendants" or "Goodman") shall attend a pretrial conference before this Court.  The following matters as to the trial scheduled to commence on September 8, 2014, are hereby ordered by the Court.

## I.     NATURE OF THE ACTION AND PLEADINGS

1.     Carrier filed this suit on July 19, 2012, alleging that Goodman infringes United States Patent No. 7,243,004 (the '004 patent) and United States Patent No. 7,775,452 (the '452 patent).  (D.I. 1.)  Carrier seeks damages, injunctive relief, attorneys' fees and costs.

2.     On May 22, 2014, Carrier and Goodman stipulated to dismissal of Carrier's claims under the '452 patent with prejudice, and Goodman's counterclaims of invalidity and non-infringement without prejudice.  (D.I. 273.)  The '004 patent remains in dispute.

3.     On September 28, 2012, Defendants filed answers to the complaint, denying infringement of the '004 and '452 patents and alleging that the claims of the '004 and '452 patents are invalid.  .  (D.I. 16 and 17.)  Goodman Manufacturing Company, L.P. and Goodman Distribution, Inc.  ("Counterclaimants") also filed counterclaims seeking declaratory judgments that the '004 and '452 patents are invalid and are not infringed by Defendants' accused products (D.I. 17.)  The other Defendants, Goodman Global, Inc., Goodman Global Holdings, Inc., and Goodman Sales Company have not asserted any counterclaims.  (D.I. 16.)

4.     On February 5, 2013, Carrier filed its First Amended Complaint, (D.I. 51), alleging claims of indirect infringement by Defendants.  Defendants answered the First Amended Complaint on February 22, 2013.  Goodman Manufacturing Company, L.P. and Goodman Distribution, Inc. filed an Answer, Affirmative Defenses, and Counterclaims in

response to Carrier's First Amended Complaint.  (D.I. 56.)  The other Defendants, Goodman Global, Inc., Goodman Global Holdings, Inc., and Goodman Sales Company filed an Answer with Affirmative Defenses in response to Carrier's First Amended Complaint.  (D.I. 55.)

5.     On March 15, 2013, Carrier answered the counterclaims in Goodman Manufacturing Company, L.P.'s and Goodman Distribution, Inc.'s Counterclaims to Carrier Corporation's First Amended Complaint.  (D.I. 60.)

6.     On November 22, 2013, Defendants filed the First Amended Answer to Plaintiff's First Amended Complaint, adding a demand under 35 U.S.C. § 285 for costs, expenses and attorneys' fees.  (D.I. 174 and 175.)  Defendants seek a judgment dismissing Carrier's First Amended Complaint with prejudice, that Defendants do not infringe any valid claim of the '004 patent, and that the '004 patent is invalid, in addition to costs and attorney's fees related to both the '004 and '452 patents, and such other and further relief as the Court may deem just and proper. Carrier answered Counterclaimants' First Amended Answer on December 9, 2013. (D.I. 185.)

7.     The Court's Scheduling Order bifurcated the issues of willfulness and damages for purposes of discovery and trial.  (D.I. 27, Section 2(a).)  Accordingly, this Pretrial Order (and trial) does not address Carrier's claims for damages or other remedies or related defenses, or Goodman's claims for costs and attorney's fees related to both the '004 and '452 patents.

8.     Carrier is not asserting or relying on, for any purpose in this trial, the doctrine of equivalents.   Carrier is not, however, precluded from asserting that an unanticipated circumstance first arising after the date of this submission justifies modifying or abating this paragraph.

9.     Goodman is not asserting or relying on, for any purpose in this trial, presentations

to Carrier's Partners-in-Development ("PIDs").  **[Carrier further proposes the following sentence:** Goodman is not asserting or relying on, for any purpose in this trial, prior art references or systems that were not identified in Goodman's Reduction of Prior Art, which was attached to D.I. 120 as Exhibit 1.**]**  **[Goodman objects to that proposal and instead proposes the following:** The references, systems, and admitted prior art that Dr. David Auslander intends to rely upon for purposes other than state of the art are identified in Goodman's Reduction of Prior Art (attached to D.I. 220 as Exhibit 1). **]**

10.   Goodman is not, however, precluded from asserting that an unanticipated circumstance first arising after the date of this submission justifies modifying or abating this paragraph.

11.   **[Goodman proposes the following paragraph to which Carrier objects:**  On September 14, 2012, Goodman filed a request with the United States Patent & Trademark Office ("PTO") for *inter partes* reexamination of the '004 Patent, which was instituted on November 28, 2012.  On May 14, 2014, the PTO issued an action closing prosecution rejecting all claims of the '004 patent as anticipated by and/or obvious in view of the prior art. **]**

## II.      BASIS FOR FEDERAL JURISDICTION

12.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq. and 35 U.S.C. §§ 102, 103, and 112.

13.   Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

14.   Personal jurisdiction and venue are not disputed.

## III.     STATEMENT OF ADMITTED FACTS

15.   The parties admit the facts set forth in attached Exhibit 1.

## IV.     STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED

16. Carrier's statement of issues of fact that remain to be litigated is attached hereto as Exhibit 2.

17. Goodman's statement of issues of fact that remain to be litigated is attached hereto as Exhibit 3.

## V.      STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED

18. Carrier's statement of the issues of law that remain to be litigated is attached hereto as Exhibit 4.

19. Goodman's statement of the issues of law that remain to be litigated is attached hereto as Exhibit 5.

## VI.   EXHIBITS

20. The parties will offer as exhibits at trial one or more of the exhibits set forth in their respective trial exhibit lists.  These exhibit lists may include exhibits that may not necessarily be introduced into evidence.  Except for documents used solely for impeachment, a party may not offer substantive documentary evidence not appearing on its exhibit list or the exhibit list of the other party, unless the Court determines that the interest of justice so warrants. These lists include the exhibit number to be used at trial, and a description sufficient to identify the exhibit to the other party, such as a production number or otherwise.  Any descriptions included in the exhibit lists are provided as a convenience only and shall not be used as an admission or as evidence.

21. Carrier's list of exhibits and Goodman's objections are attached hereto as Exhibit 6.  Goodman reserves the right to raise additional specific objections to any exhibit which is impacted by any issue-based evidentiary ruling by the Court.

22. Goodman's list of exhibits and Carrier's objections are attached hereto as Exhibit 7.  Carrier reserves the right to raise additional specific objections to any exhibit which is

4

impacted by any issue-based evidentiary ruling by the Court.

23. The parties must exchange final exhibit lists no later than 9:30AM three days before trial is scheduled to begin. *See* J. Robinson, Guidelines for Civil Trials (Rev. July 12, 2011).

24. Each party reserves the right to add any exhibits used in any deposition yet to occur in this case or any additional documents subsequently produced.

25. Each party reserves the right to offer an exhibit designated by the other party, even if not introduced by the designating party. If the non-designating party offers into evidence an exhibit designated but not introduced by the designating party, the designating party reserves its right to object to the introduction into evidence of that exhibit, depending on the use for which it is being offered.

26. The parties agree that exhibits to be used or offered into evidence solely for impeachment need not be included on the lists of trial exhibits. The parties agree that exhibits to be used or offered into evidence solely for cross examination or impeachment need not be disclosed in advance of being offered at trial.

27. Any document that on its face appears to have been authored by an employee, officer, or agent of a party or third parties deposed in this case, or a patent or patent application document available on the Japanese Patent Office website, shall be deemed prima facie evidence of authenticity, subject to the right of the party against whom such document is offered to adduce evidence to the contrary or to require that the offering party provide authenticating evidence if the party opposing the offer has a reasonable basis to believe the document is not authentic. However, this paragraph shall not be applicable to any attachments that may be included to documents authored by an employee, officer, or agent of a party or third parties

deposed in this case.

28.   The parties agree that written answers to interrogatories, requests for admission, or Rule 30(b)(6) deposition notices served or stipulations agreed to in this case shall be treated as having been given under oath, whether or not the answers were signed or verified by the party making them.

29.   Carrier provided electronic copies of each of the exhibits on its exhibit list, complete with exhibit labels on July 11, 2014.  Goodman provided electronic copies of each of the exhibits on its exhibit list, complete with exhibit labels on July 28, 2014.  To the extent metadata was produced and is relevant for a particular document, it may be used as part of an exhibit on the exhibit lists, subject to the objection of the other party not offering the metadata with respect to any particular document that metadata has been identified by the party offering the document.  Such identification of the use of metadata for any particular document shall be included in the procedures for the identification of exhibits pursuant to Section VI of the Pre-Trial Order.

30.   The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the document.  Each party reserves the right to object to the relevancy or admissibility of any evidence offered by the other party, at the time such evidence is offered, is view of the specific context in which such evidence is offered.

31.   Legible photocopies of United States patents, as well as foreign patents available on the European Patent Office website, Japanese patents and published patent applications available on the Japanese Patent Office website, and the file histories, including the reexamination histories of such patents or patent applications, may be offered and received in

evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.  The dates of filing and issuance and the identity of the inventors of record shall be deemed to be shown on the face of the patent, subject to the right of the party against whom it is offered to adduce evidence to the contrary.

## VII.   WITNESSES

32.   Carrier's list of witnesses to be called live or by deposition is attached hereto as Exhibit 8.

33.   Goodman's list of witnesses to be called live or by deposition is attached hereto as Exhibit 9.

34.   Carrier's list of deposition designations, Goodman's objections thereto, Goodman's counter-designations and Carrier's objections thereto is attached hereto as Exhibit 10.  Goodman reserves the right to raise additional specific objections to any of Carrier's deposition designations, which are impacted by any issue-based evidentiary ruling by the Court.

35.   Goodman's list of deposition designations, Carrier's objections thereto, Goodman's counter-designations and Carrier's objections thereto is attached hereto as Exhibit 11.  Carrier reserves the right to raise additional specific objections to any of Goodman's deposition designations, which are impacted by any issue-based evidentiary ruling by the Court.

36.   Except for witnesses called solely for rebuttal of newly raised issues, no witness called by a party in support of its case-in-chief shall be permitted to testify at trial unless identified in this Order or unless the Court determines that such witness should be called.

37.   The listing of a witness on a party's witness list does not require that party to call that witness to testify, either live or by deposition.

38.   **[Goodman proposes the following paragraph for notice of close of case-in-**

**chief; Carrier contends this separate procedure is unnecessary and is covered by disclosure of witness order in paragraphs 40 and 42:**  Absent exigent circumstances (the occurrence of which shall be promptly communicated to the other party), no later than 5:30 p.m., two day in advance of the start of the day's proceedings, the parties will give each other email notice of whether they anticipate finishing that trial day any of the following stages of the case (to the extent each such stage is permitted by the Court):

    a.  Carrier's case-in-chief on Carrier's '004 patent;

    b.  Goodman's opposition to Carrier's case-in-chief and invalidity defense to Carrier's '004 patent; and

    c.  Carrier's rebuttal case on Carrier's '004 patent and opposition to Goodman's invalidity defense on Carrier's '004 patent; ]

39.  The parties agree that they shall provide the other side with notice of specific identification of exhibits expected to be used during that party's opening statement and all demonstrative exhibits expected to be used during that party's opening statement on the day before the first day of trial.  The other party shall identify any objections to demonstrative exhibits and any objections to the admissibility of the exhibits sought to be used during opening statements that evening.[1]  The parties shall then meet and confer regarding all objections and, to the extent the objections are not resolved by the meet and confer, they will inform the Court before opening statements of said objections for resolution as the Court sees fit.  The notice provision of this paragraph does not apply to enlargement, highlighting, ballooning, or other annotations of trial exhibits.

---

[1]  The parties are continuing to discuss the exact times for providing these notices and objections, and anticipate reaching agreement on that issue.  The parties will advise the Court at the pretrial conference if there are any remaining disputes on this issue to resolve.

40.   The parties will address the issue of demonstrative exhibits for closing arguments during trial and will raise any disputes regarding such demonstrative exhibits with the Court as necessary.  However, the parties do agree that, for closing arguments, a party need not provide advance notice regarding its intent to use demonstrative exhibits previously used during the course of trial or enlargements, highlighting, ballooning, or other annotations of admitted trial exhibits.

41.   The parties agree that they shall provide the other side with notice of each witness expected to be called live at trial along with specific identification of exhibits expected to be used on direct examination of that witness in the evening two days before the witness is to be called, including witness order where multiple witnesses are anticipated to testify on the same day.  The other party shall identify any objections to the admissibility of the exhibits sought to be used with the witness the following day.[2]  The parties shall then meet and confer regarding all objections and, to the extent the objections are not resolved by the meet and confer, they will inform the Court before the witness is called of said objections for resolution as the Court sees fit either in advance or during the testimony.

42.   **[Goodman proposes the following additional paragraph regarding notice of closing case-in-chief; Carrier contends this separate procedure is unnecessary and is covered by paragraphs 40 and 42:**  For witnesses presented in Goodman's case-in-chief and Carrier's rebuttal case, the notice provisions in this paragraph do not apply until (a) the applicable phase of the case has begun, or (b) the party has received notice of when the other party intends to complete the preceding phase of their case pursuant to paragraph 38 above.  For

---

[2]   The parties are continuing to discuss the exact times for providing these notices and objections, and anticipate reaching agreement on that issue.  The parties will advise the Court at the pretrial conference if there are any remaining disputes on this issue to resolve.

the first witnesses of those phases of the case, Goodman and Carrier each agree to provide the notices of this paragraph for the witnesses to be called on the first day of that phase the evening after receiving notice that the opposing party intends to complete the preceding phase of their case, and the opposing party will provide its objections thereto that evening. ]

43.    The parties shall provide demonstrative exhibits to be used with a witness the evening before they are to be used.    The other party shall identify any objections to demonstrative exhibits that evening.[3]    The parties shall then meet and confer regarding all objections and, to the extent the objections are not resolved by the meet and confer, they will inform the Court before the witness is called of said objections for resolution as the Court sees fit either in advance or during the testimony.    The notice provision of this paragraph does not apply to demonstrative exhibits created in the courtroom during trial testimony or the enlargement, highlighting, ballooning, or other annotations of trial exhibits or testimony.

44.    A party seeking to present deposition testimony shall propose a "playlist" in page and line format in the evening two days prior to its planned presentation at trial.  The other party shall identify, in page and line format, any counter-designations by the evening of the following day, along with any objections they intend to assert.  The first party shall then identify, in page and line format, any counter-counter-designations that evening, along with any objections they intend to assert.[4]  The parties shall then meet and confer regarding all objections and, to the extent the objections are not resolved by the meet and confer, they will inform the Court before

---

[3]    The parties are continuing to discuss the exact times for providing these notices and objections, and anticipate reaching agreement on that issue. The parties will advise the Court at the pretrial conference if there are any remaining disputes on this issue to resolve.

[4]    The parties are continuing to discuss the exact times for providing these "playlists" and objections, and anticipate reaching agreement on that issue. The parties will advise the Court at the pretrial conference if there are any remaining disputes on this issue to resolve.

the witness is called of said objections for resolution as the Court sees fit either in advance or during the testimony.  If the deposition is to be shown to the jury by videotape, the specific portions to be shown and its manner of presentation shall be made available for review by the other party the night before it is to be played to ensure its adherence to the parties' agreement and accuracy.

45.   **[With respect to the order of play for deposition designations, the parties present two alternatives]**

**[Carrier's proposal:**  The specific designated portions of the deposition shall be read or played in the same order as the real time deposition testimony, with all objections and colloquy removed.  **]**

**[Goodman's proposal:**  For each deposition, the specific portions of the deposition designated by the offering party shall be read or played in the same order as the real time deposition testimony, followed by the portions of the deposition counter-designated by the opposing party in the same order as the real time deposition testimony (except for optional completeness counter-designations, which will be played with the offering party's designation that it completes), with all objections and colloquy removed.  The deposition designations played shall be modified as identified to include any corrections identified in the errata sheets.**]**

46.   **[Goodman proposes the following additional paragraph to which Carrier objects:**  For deposition testimony presented in Goodman's case-in-chief and Carrier's rebuttal case, the notice provisions in this paragraph do not apply until (a) the applicable phase of the case has begun, or (b) the party has received notice of when the other party intends to complete the preceding phase of their case pursuant to paragraph 38 above.  For any deposition testimony

11

to be offered in the first day of those phases of the case, Goodman and Carrier each agree to provide the "playlist" for any such testimony the evening after receiving notice that the opposing party intends to complete the preceding phase of their case, the opposing party will provide its objections and counter-designations thereto the following evening, and the first party will provide any counter-counter-designations that evening, along with any objections they intend to assert. ]

47.   **[Goodman proposes the following additional paragraph to which Carrier objects:**   To the extent progress during a trial day affects the timing of the events noticed previously, the party who provided such notice shall submit a supplemental notice by 7:00 p.m. of that trial day.  Nothing in this Paragraph shall be construed to permit a party to modify the identification of witnesses, exhibits, demonstratives, or deposition designations. ]

## VIII.   PLAINTIFF'S INTENDED PROOFS

48.   Carrier's brief statement of the disputed facts that it intends to prove in support of its claims is attached as Exhibit 12.  The statement does not purport to be exhaustive of all issues to be tried.

## IX.   DEFENDANT'S INTENDED PROOFS

49.   Goodman's brief statement of the disputed facts that it intends to prove in support of its claims is attached as Exhibit 13.  The statement does not purport to be exhaustive of all issues to be tried.

## X.   STATEMENTS BY COUNTERCLAIMANTS

50.   The brief statement of intended proofs for counterclaimants Goodman Manufacturing Company, L.P. and Goodman Distribution, Inc. is covered by Goodman's statement of intended proofs attached as Exhibit 13.

## XI.    AMENDMENTS TO THE PLEADINGS

51.    Each party reserves the right to amend its pleadings to conform to proof.

## XII.    PENDING MOTIONS

### A.    Plaintiff's Pending Motions

52.    Carrier requested emergency relief from this Court on January 6, 2014, requesting de-designation of Goodman's confidential documents made pursuant to the Protective Order entered by this Court on December 14, 2012. Carrier submitted a letter to the Court on January 27, 2014 (D.I. 208).  Goodman responded opposing the request on February 3, 2014 (D.I. 210). That issue is still pending.

53.    On April 18, 2014, Carrier moved for summary judgment that: the asserted claims of the '004 patent are not invalid as anticipated; Goodman's proposed construction for "central control" precludes invalidity of both patents; and that Goodman's asserted "Enviracom" reference does not qualify as prior art and was improperly disclosed.  (D.I. 233.)  Goodman opposed that motion (D.I. 270).

54.    On April 30, 2014, Carrier further moved for summary judgment that certain claims of the '004 patent are not invalid as obvious.  (D.I. 244.)  Goodman opposed that motion (D.I. 270).

### B.    Defendants' Pending Motions

55.    On April 18, 2014, Defendants moved for summary judgment of non-infringement of all asserted claims of the '004 patent. (D.I. 235).  Specifically, Defendants moved for judgment that Defendants do not directly or indirectly infringe all asserted claims 6-9, 12-14, and 16, 17 and 18 of the '004 patent.[5]  Carrier opposed that motion.  (D.I. 281).

---

[5]    Goodman also moved for summary judgment that Goodman does not infringe the '452 patent, but the parties entered into a stipulation to dismiss the '452 patent.

56.    On April 25, 2014, Defendants filed an amended motion for summary judgment of invalidity of all asserted claims of the '004 patent. (D.I. 240). Specifically, Defendants moved for judgment that: (1) asserted claims 6, 7, 13, 16, 17, and 18[6] of the '004 patent are invalid as anticipated; (2) all asserted claims 6-9, 12-14, and 16, 17 and 18 of the '004 patent are invalid as indefinite; and (3) asserted claims 6-8, 13, 16, 17 and 18 of the '004 patent are invalid as obvious. Carrier opposed that motion and moved for partial summary judgment of no anticipation and no obviousness.  (D.I. 254, 279).

57.    On April 24, 2014, Goodman moved to strike and exclude testimony of experts Gregor P. Henze, Ph.D., P.E., and David Blackburn, Ph.D, regarding secondary considerations of non-obviousness, the alleged infringement of claim 12 of the '004 patent, and the alleged lack of substantial non-infringing uses as to claim 18 of the '004 patent.  (D.I. 236-237.) Carrier responded to Goodman's motion on May 5, 2014 (D.I. 257), and Goodman replied on May 22, 2014 (D.I. 274). That motion is still pending.

## XIII.   GOOD FAITH EFFORT TO RESOLVE BY SETTLEMENT

58.    The parties certify that two-way communication has occurred between persons having authority in a good faith effort to explore the resolution of the controversy by settlement. The parties met jointly for mediation with Magistrate Judge Fallon in January 2014 and have continued *ex parte* telephone discussions with Magistrate Judge Fallon since that time.  The parties have been unable to reach a settlement.

---

[6]    Goodman's brief in support of its amended motion for summary judgment of invalidity did not pursue dependent claim 14 as anticipated.

## XIV.    OTHER MATTERS[7]

59.    A list of other matters Carrier would like to address at the pretrial conference is attached as Exhibit 14.

60.    A list of other matters Goodman would like to address at the pretrial conference is attached as Exhibit 15.

61.    The parties agree that they will refrain from introducing any evidence or argument, or even mentioning, the following topics:

- Law Firm information (including but not limited to the size and location of law firms, other client representation, etc.);

- The preparation of witnesses for trial;

- Where witnesses or counsels' trial teams are staying in the area during trial;

- Any other lawsuits, investigations, or other unrelated legal issues or accusations against the parties;

- That Carrier is a "monopolist" for having a patent; and

- Any issues with the family of the founder of Goodman.


## XV.    ORDER TO CONTROL COURSE OF ACTION

62.    This Order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

---

[7]    Among other matters identified in Exhibits 14 and 15, Goodman proposes reducing the length of the jury trial from a 7-day jury trial per this Court's Scheduling Order (D.I. 27) to a 5-day jury trial.  Carrier believes the Court's Scheduling Order correctly estimated the time necessary for this jury trial and that it should be 7 days.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Maryellen Noreika*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*/s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com

*Attorneys for Defendants Goodman Global,*
*Inc., Goodman Manufacturing Company, L.P.,*
*Goodman Global Holdings, Inc., Goodman*
*Distribution, Inc., & Goodman Sales Company*

*Attorneys for Plaintiff Carrier Corp.*

Dated:  August 11, 2014  - Original Filing Date
        August 18, 2014 - Redacted Filing Date

**IT IS SO ORDERED**

Date: _____, 2014

_____
United States District Court Judge