IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARRIER CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>GOODMAN GLOBAL, INC.,<br>GOODMAN MANUFACTURING<br>COMPANY, L.P., GOODMAN GLOBAL<br>HOLDINGS, INC., GOODMAN<br>DISTRIBUTION, INC., AND<br>GOODMAN SALES COMPANY,<br><br>    Defendants, | Civ. No. 12-930-SLR |

## MEMORANDUM ORDER

At Wilmington this 9th day of September, 2014, having heard argument on, and having reviewed the papers submitted in connection with, Goodman's motion for reconsideration and the remaining pretrial issues;

IT IS ORDERED that:

1. **Motion for reconsideration.** A motion for reconsideration is the "functional equivalent" of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change

in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.*

2. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made and may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Reconsideration, however, may be appropriate where a court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (internal quotation marks omitted); *see also* D. Del. LR 7.1.5.

3. The court understands that the 37 documents, which "define the Enviracom system," were disclosed during discovery and were vetted to an extent. However, it remains unclear to the court what the tangible prior art system is from the varied descriptions included in the documents, which include product manuals, research and marketing presentations, and news articles. The nature of such evidence results in the "Enviracom system" defined by "a nebulous conglomeration." Without the scope of the claimed prior art being defined even to a reasonable extent, Goodman has not met its burden of demonstrating that it was publically "used" under 35 U.S.C. § 102(a) or "on sale" under 35 U.S.C. § 102(b). While some "parts" of the claimed "system" might have met these statutory requirements and made some limitations obvious, Goodman never

2

articulated its obviousness defense with any clarity. Indeed, Goodman insisted on referencing all 37 documents to argue that the Enviracom system anticipated all limitations of claims 1-19. Dr. Auslander's expert report does not offer a precise obviousness analysis, instead summarily stating that,

> to the extent this limitation is not explicitly disclosed by Enviracom, it would have been obvious to a person of ordinary skill in the art in view of the combination of Enviracom with the references identified in section (XV)(c)(3) of the report. One of ordinary skill in the art would have been motivated to combine Enviracom with the references identified in section (XV)(c)(3) of the report at least for the reasons set out in the report.

The motion for reconsideration (D.I. 324) is denied.

4. **Proffer regarding the testimony on reexamination.** Having reviewed the full deposition of Clark, the court is not convinced that Carrier had a full and fair opportunity to depose Clark on the issues of Goodman's "diligence in preparing the reexamination request" or the August 13-24, 2012 prior art search. (D.I. 362) Clark did not conduct his own investigation and there was no disclosure of the efforts by the legal department to do so. The fact of reexamination may be presented to the jury (with a limiting instruction); however, any other evidence regarding such examination is precluded.

5. **Motion to strike the supplemental expert report.** The court's construction (D.I. 315) of the limitations at issue are not substantially different than those proposed by the parties and addressed in the original expert reports. This is consistent with Goodman's assertion that there is nothing new in the supplemental report. (D.I. 349) If such report contains new opinions, it should be precluded because the matter should have been addressed in the original reports. If the opinions are not new, there is no

3

need for such report.  The motion to strike (D.I. 347) is granted.

     _____
     United States District Judge